# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-61861-BLOOM/Valle

GUILLERMO RIVAS,

      Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

      Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's and Defendant's Motions for Summary Judgment, ECF Nos. [24] and [27], which were previously referred to the Honorable Alicia O. Valle for a Report and Recommendation. *See* ECF No. [6]. On December 13, 2017, Judge Valle issued an oral Report and Recommendation, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Administrative Law Judge's ("ALJ") Decision be affirmed. *See* ECF Nos. [51] and [52] at 3. In her Report and Recommendation, Judge Valle advised Plaintiff that he would have fourteen days from the date the transcript was filed on the docket to file any objections with the District Court. *See* ECF No. [52] at 16. The docket was filed on December 20, 2017 and Plaintiff timely filed his Objections on December 28, 2017. *See* ECF Nos. [52], [53], and [54]. The Court has considered Plaintiff's Objections, has conducted a *de novo* review of Magistrate Judge Valle's

Report and Recommendation and the record, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)).

Upon review, the Court finds Judge Valle's Report and Recommendation to be well reasoned and correct. The Court agrees with the analysis in Judge Valle's Report and Recommendation and concludes that Plaintiff's Motion for Summary Judgment must be denied, and that Defendant's Motion for Summary Judgment must be granted. Plaintiff interposes three separate objections to the Report and Recommendation. After fully analyzing each objection, the Court finds that they are due to be overruled for the reasons that follow.

### 1. Objection Number 1

Plaintiff first argues that Judge Valle "erred by concurring with the ALJ that the three separate examining physicians' progress notes were not 'medical opinions' despite meeting the criteria for such as set forth in the published decision of *Winschel v. Commissioner,* 631 F.3d 1176 (11th Cir. 2011), and as analyzed consistently by the progeny of *Winschel*." ECF No. [54] at 1. Although Plaintiff correctly defines the phrase "medical opinion" for purposes of a disability determination, his argument misunderstands Judge Valle and the ALJ's consideration of the medical opinions in the case.

Before analyzing the merits of Plaintiff's Objections, it is important to consider the framework under which social security disability decisions are made. When making such a determination, an ALJ must follow a five-step process. *See Maffia v. Comm'r of Soc. Sec.*, 291 F. App'x 261, 263 (11th Cir. 2008) (citing *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)). "The claimant bears the burden of proof for the first four steps: (1) whether []he is currently performing a substantial gainful activity; (2) whether []he has a severe impairment; (3) whether that severe impairment meets or exceeds an impairment in the listings; and (4) whether

[]he can perform h[is] past relevant work." *Id.* Once the ALJ reaches the fifth step, the burden then shifts to the Commissioner to "demonstrate the existence of a significant number of jobs in the national economy that the claimant can perform." *Id.* It is incumbent upon "[a]n individual who files an application for Social Security benefits [to] establish that []he is disabled." *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (citing 20 C.F.R. § 416.912); *see also McCloud v. Barnhart*, 166 F. App'x 410, 418 (11th Cir. 2006) ("Nevertheless, the burden is on the claimant to show that she is disabled and, therefore, she is responsible for producing evidence to support her application.").

Here, Plaintiff takes issue with the ALJ's analysis under the fourth step of the process, arguing that the ALJ - and, thereafter, Magistrate Judge Valle - failed to consider the "medical opinions" of three of his examining physicians. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)) (alterations in original). Unless good cause is shown, the ALJ must give "substantial or considerable weight" to the medical opinions of treating physicians. *Id.* at 1179. Circumstances amounting to "good cause" exist "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or consistent with the doctor's own medical records." *Id.* (quoting *Phillips*, 357 F.3d at 1241).

In support of his position, Plaintiff argues that the ALJ did not find any of "his three physicians' medical progress notes as equivalent to a 'medical opinion'" - referring to the notes

from Dr. Crespo-Smith, Dr. Lorello, and Dr. Sills. ECF No. [54] at 7. In addition, Plaintiff's Objections refer the Court to medical evidence consisting of four imaging studies (three MRIs of Plaintiff's cervical and lumbar spine along with one CT scan of the cervical spine). *Id.* Two of these studies were taken after his first motor vehicle accident and two were taken after his second accident. *Id.* Expanding upon this objection, Plaintiff then points to a statement Magistrate Judge Valle made during oral argument as evidence that she erroneously held that a "medical opinion" must contain a "specific limitation" "to satisfy the criteria set forth in *Winschel*." *Id.* On this basis, Plaintiff argues that Magistrate Judge Valle erred by concurring with the ALJ that Drs. Crespo-Smith, Lorello and Sills' progress notes were not "medical opinions."

The Court's review of the ALJ's Decision and Magistrate Judge Valle's Report and Recommendation leads it to conclude otherwise. The ALJ's Decision specifically refers to the medical records Plaintiff claims she did not consider or weigh in her analysis. Starting with the radiological evidence, the ALJ's Decision specifically referenced all x-rays submitted as well as the three MRIs and the CT scan. *See* ECF No. [19] at 20 and 22. Based on her review of these imaging studies, the ALJ concluded that "[n]one of the multiple X-rays, computer tomography ('CT') scans, or magnetic resonance imaging ('MRI') scans performed to date has been interpreted to show spinal pathology so severe as to have caused nerve root or spinal cord impingement for the requisite twelve months or more." ECF No. [19] at 20. In addition, the ALJ considered and discussed the three examining physicians' records. With regard to Dr. Marcia Sills, who only saw Plaintiff on August 13, 2013, the ALJ recognized that she diagnosed Plaintiff "with acute cervical, thoracic, and lumbar strains (along with an acute left knee strain)." *Id.* at 22. Similarly, the ALJ considered the medical records from Dr. Crespo-Smith and Dr. Lorello, who treated Plaintiff after the March 2014 motor vehicle accident, when she stated

Plaintiff "has been receiving chiropractic and medication treatment for back impairments (also established by imaging, as detailed previously) since his March 2014 accident." *Id.* She also noted that such treatment "has been quite conservative, with the claimant testifying that he takes only over-the-counter pain medications – not even the Flexeril prescribed by Dr. Crespo-Smith in April 2014." *Id.* Although the ALJ may not have specifically referenced Dr. Lorello's examination dated May 21, 2014 in which he assessed Plaintiff with an 11-percent permanent impairment rating, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [the] decision, so long as the ALJ's decision . . . is not a broad rejection. . . ." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *see also Cooper*, 521 F. App'x at 809-10 ("[T]he ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits"). The ALJ's Decision clearly references Plaintiff's treatment following the March 2014 motor vehicle accident, which encompasses Dr. Lorello's May 21, 2014 examination. Thus, the ALJ did indeed consider the medical opinions of Drs. Sills, Crespo-Smith and Lorello in her analysis. Consistent with the foregoing, the Report and Recommendation reached the same conclusion about the ALJ's consideration of these medical opinions. *See* ECF No. [52] at 10 ("In addition, the ALJ's decision makes clear that she did not rely solely on the opinion of Dr. Desai in coming up with her RFC, but went on to review and to consider all of the medical evidence that Plaintiff has submitted, including the evidence surrounding the two motor vehicle accidents. The ALJ's decision is in fact replete with references to the medical evidence after these two accidents, including doctor visits, MRIs and scans, and some of these can be found in the transcript at page – at the ALJ's decision pages 17, 19, 20 and 21.").

Significantly, the records from Drs. Sills, Crespo-Smith and Lorello are devoid of any medical opinions probative on the question of Plaintiff's residual functional capacity ("RFC"). This is an important distinction that Plaintiff fails to recognize. The RFC is "an assessment, based upon all of the relevant evidence, of a **claimant's remaining ability to do work** despite [his] impairments." *Cooper*, 521 F. App'x at 808 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (emphasis added). As the ALJ pointed out, "the claimant has not offered (and the record does not contain) any formal opinions from any of his own doctors or even from non-medical sources analyzing his residual functional capacity." ECF No. [19] at 24. This Court, in its *de novo* review of the record, concurs with the ALJ's conclusion. At oral argument, Magistrate Judge Valle inquired about the existence of any medical evidence in the record addressing Plaintiff's functional capacity and Plaintiff only identified Dr. Lorello's assessment of an eleven-percent permanent impairment rating. *See* ECF No. [53] at 14-15. However, a permanent impairment rating, standing alone, is not an indicator of Plaintiff's functional capacity. An impairment rating does not address whether Plaintiff has any physical limitations and if so, what such physical limitations are so as to provide the ALJ with evidence of his alleged disability. Thus, even if the ALJ did not explicitly address Dr. Lorello's permanent impairment rating in her Decision, the failure to do so was harmless as the rating, without more, did not provide the ALJ with any information of Plaintiff's functional capacity.

At this step of the analysis, Plaintiff carried the burden to come forward with evidence that demonstrated he was disabled so as to qualify for disability benefits. As the ALJ aptly concluded, "[o]verall, the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even that he has any limitations greater than those determined in this decision." ECF No. [19] at 24. The ALJ did not fail to consider the

medical opinions of Drs. Crespo-Smith, Lorello and Sills as to Plaintiff's functional capacity because these doctors did not specifically address Plaintiff's ability to work in their medical records. Put simply, the ALJ cannot consider something that is not there. This is not to say that the medical records did not contain other "medical opinions" relating to Plaintiff's symptoms and diagnoses, which the ALJ considered as discussed above. However, presenting medical opinions of symptoms and diagnoses is not the same as presenting evidence of Plaintiff's disability or limitations. It is the latter that is lacking here. ALJ decisions are routinely affirmed when the plaintiff fails to come forward with medical evidence demonstrating an inability to work. *See Powell v. Comm'r of Soc. Sec.*, 571 F. App'x 914, 917 (11th Cir. 2014) (affirming ALJ decision in which the plaintiff "did not present any opinions from a treating or examining physician indicating that she was disabled or had limitations greater than those reflected in the RFC"); *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 892 (11th Cir. 2013) (affirming ALJ decision because the plaintiff "provided little evidence that supported her allegations that her alleged impairments had limited her physical functioning or work-related activities – the medical sources indicated that [the plaintiff's] physical functioning in the pertinent areas was normal or only mildly restricted, and none of the medical sources indicated that Packer had any significant functional limitations, let alone any disability."); *Nye v. Comm'r of Soc. Sec.*, 524 F. App'x 538, (11th Cir. 2013) ("[A]s noted by the ALJ, Nye presented no statements from a treating physician indicating that his mental health issues rendered him unable to work. In light of Nye's burden to establish that he was unable to work, such a lack of evidence weighed against a finding that Nye was disabled"). Without evidence of Plaintiff's functional capacity, the outcome here is no different. As Magistrate Judge Valle pointed out, Plaintiff was unable to point to "any medical opinions or treatment records from other sources that would result in a greater limitation than

those imposed by the ALJ." *See* ECF No. [52] at 15. For these reasons, Plaintiff's first objection to Judge Valle's Report and Recommendation is overruled.

### 2. Objection Number 2

Plaintiff's second objection is that Magistrate Judge Valle erroneously "concurred with the ALJ's finding of a 'Light' Residual Functional Capacity ('RFC')" in that "the 'Light' RFC was based upon one sentence of evidence from a non-acceptable medical source Chiropractor" and "the ALJ misclassified the Chiropractor's progress note as a 'medical opinion statement.'" ECF No. [54] at 8. Upon the Court's review of the record, it finds that Plaintiff did not raise this argument in his Motion for Summary Judgment, Reply, or Sur-Reply. *See* ECF Nos. [24], [37], and [45]. Even when the parties conferred to narrow the issues and prepared the Joint Status Report in advance of the summary judgment hearing, there was no challenge to the ALJ's finding of a "Light" RFC due to her reliance on the chiropractor's statement. *See* ECF No. [46]. In fact, Plaintiff's Motion for Summary Judgment explicitly faulted the ALJ for <u>not</u> considering Michael Schulman, D.C.'s opinion that Plaintiff avoid heavy lifting, bend only at the knees and not lift anything heavier than 15 pounds. *See* ECF No. [24] at 13-14. Plaintiff's Motion for Summary Judgment argued that "[t]he aforementioned medical opinions from treating sources were completely disregarded . . ." *Id.* at 14. In his Reply, Plaintiff again reiterated this argument in stating: "the medical opinions from contemporaneous and time-relevant examining/treating sources (i.e. **Dr. Michael Schulman, D.C.** . . .) were completely disregarded/ignored by the ALJ." ECF No. [37] at 6. Then, at the summary judgment hearing, Plaintiff raised an unbriefed eleventh-hour argument that was contrary to the one raised in his Motion for Summary Judgment – that the ALJ erred in considering this chiropractor's opinions. *See* ECF No. [53] at 28-31.

District courts have discretion to decline to consider a party's argument when it was not properly presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). *See also Buffington v. Comm'r of Soc. Sec.*, No. 6:11-CV-1114-ORL-22, 2012 WL 3715107, at *1, n. 1 (M.D. Fla. Aug. 28, 2012) (exercising discretion not to consider objection to magistrate judge's report and recommendation when it was not properly raised). This Court declines to consider a new argument Plaintiff raised *ore tenus* at the summary judgment hearing. Not only was this argument not raised in Plaintiff's Motion, Reply or Sur-Reply, but Plaintiff argued the opposite point in his memoranda. Plaintiff was already cautioned about the impropriety of raising new arguments in a reply or sur-reply, let alone at oral argument. *See* ECF No. [53] at 4 ("I think it is well established in the Eleventh Circuit that arguments raised for the first time in a reply brief, let alone a sur-reply as was done in this case, are not properly before the Court.")

And even if the Court considered the merits of this objection, it would still be overruled as Plaintiff carried the burden to provide evidence of his RFC and alleged disability to the ALJ. As explained in detail above, the ALJ correctly concluded that there was no evidence in the record from Plaintiff's doctors or non-medical sources analyzing his RFC, much less any evidence that he was disabled. Absent such supporting evidence, the result here is the same regardless of whether the ALJ considered the statement in the chiropractor's progress note.

### 3. Objection Number 3

Finally, Plaintiff objects to Magistrate Judge Valle's concurrence "with the ALJ's finding that 'significant weight' should be accorded to the non-examining State Agency consultant's opinion dated March 5, 2013. . . ." ECF No. [54] at 9. In essence, Plaintiff takes issue with the ALJ's reliance upon Dr. Desai's report because it was dated four months before his first motor

vehicle accident and twelve months before his second accident. To be clear, the ALJ stated the following about Dr. Desai's report:

> At the reconsideration level of administrative review, Sharmistha Desai, M.D. reviewed the entire record for Florida's disability determination agency as of March 5, 2013, and projected that at twelve months past the claimant's alleged onset date of September 10, 2012, the claimant would be restricted to the medium exertional level of work, and further restricted to no more than occasional crawling, stooping, or climbing of ladders, ropes, or scaffolds; no more than frequent crouching or climbing of ramps or stairs; and no concentrated or greater exposure to extreme cold, humidity, vibration, or workplace hazards. [Ex. 4A]. My assessment of the overall record leads me to conclude that since Dr. Desai was familiar with the case record developed to that point in time and because, as a highly qualified physician who is also an expert in Social Security disability evaluation, she has considerable understanding of the Social Security disability programs and their evidentiary requirements, her opinion deserves significant weight, 20 C.F.R. §§ 404.1527(c)(6), 404.1527(e)(2)(i). **However, while Dr. Desai was likely correct in assessing the claimant's residual functional capacity as of September 2013 – even despite the effect of his motor vehicle accident in July 2013, since those symptoms ultimately resolved completely by the claimant's own admissions – I must assess his residual functional capacity in light of his current condition, which includes the effects of his March 2014 accident. Dr. Desai obviously could not account for events that had yet to occur when she made her assessment.**

ECF No. [19] at 23 (emphasis added).

The Court concurs with Magistrate Judge Valle's conclusion that the ALJ clearly explained she was only crediting Dr. Desai's opinions through September of 2013, including the date of the first motor vehicle accident, because Plaintiff told his chiropractor and doctor that the injuries from the 2013 accident had completely resolved. *See* ECF No. [52] at 10. As Judge Valle pointed out, "the ALJ's decision makes clear that she did not rely solely on the opinion of Dr. Desai in coming up with her RFC, but went on to review and to consider all of the medical evidence that Plaintiff has submitted, including the evidence surrounding the two motor vehicle accidents." ECF No. [52] at 10. While the ALJ may have given "significant weight" to Dr. Desai's opinion, that one sentence cannot be read in a vacuum. The ALJ's Decision immediately

qualifies that statement by temporally limiting it to September of 2013 followed by a thorough review of the post-September 2013 medical evidence. The Court finds no error in the ALJ's Decision.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's Report and Recommendation, **ECF No. [51]**, is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, **ECF No. [24]**, is **DENIED**;

3. Defendant's Motion for Summary Judgment, **ECF No. [27]**, is **GRANTED**;

4. The ALJ's Decision is **AFFIRMED**;

5. Plaintiff's Objections, **ECF No. [54],** are **OVERRULED.**

6. The Court will enter final judgment in favor of Defendant by separate order.

7. To the extent not otherwise disposed of, all pending motions are **DENIED** as moot;

8. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of January, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Alicia O. Valle

Counsel of Record